*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

ANDY GONZALEZ,

      Defendant-Appellant.

UNPUBLISHED
June 6, 2024

No. 358400
Kent Circuit Court
LC No. 17-005065-FC

Before: SHAPIRO, P.J., and GADOLA, C.J., and YATES, J.

ON REMAND

PER CURIAM.

In 2017, defendant, Andy Gonzalez, shot D'Andre Bullis and Manuel Villarreal outside a barber shop. Bullis died of his injuries. Defendant was convicted after a jury trial of second-degree murder, MCL 750.317; assault with intent to murder (AWIM), MCL 750.83; felon in possession of a firearm, MCL 750.224f; and possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. Defendant was sentenced,[1] as a third-offense habitual offender, MCL 769.11, to concurrent prison terms of 420 to 630 months for the murder conviction, 300 to 450 months for the AWIM conviction, 80 to 120 months for the felon-in-possession conviction, and a consecutive two-year sentence for the felony-firearm conviction.

---

[1] Initially, the trial court sentenced defendant to concurrent prison terms of 787 months to 100 years for the murder conviction, 420 months to 100 years for the AWIM conviction, and 375 days for the felon-in-possession conviction, with a consecutive two-year sentence for the felony-firearm conviction. On appeal, this Court affirmed defendant's convictions, but remanded the case to the trial court for resentencing before a different judge, finding that the trial court improperly based defendant's sentence on defendant's choice to proceed to trial rather than enter into a plea agreement. *People v Gonzalez*, unpublished per curiam opinion of the Court of Appeals, issued February 25, 2020 (Docket No. 344076).

Defendant appealed, challenging as disproportionate his sentence for second-degree murder of 420 months to 630 months, the minimum of which falls within the applicable sentencing guidelines range of 315 to 787 months. This Court affirmed, reasoning in part:

> "[T]he principle of proportionality . . . requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *People v Steanhouse*, 500 Mich 453, 460; 902 NW2d 327 (2017) (quotation marks and citation omitted). A sentence that is proportionate to the seriousness of the circumstances surrounding the offense and the offender is reasonable. *People v Odom*, 327 Mich App 297, 305; 933 NW2d 719 (2019). Although the sentencing guidelines are now advisory only, "they remain a highly relevant consideration," and trial courts must continue to consult them. *People v Lockridge*, 498 Mich 358, 391; 870 NW2d 502 (2015). Because the sentencing guidelines "embody the principle of proportionality," *People v Dixon-Bey*, 321 Mich App 490, 524; 909 NW2d 458 (2017), a sentence within the guidelines range is presumed proportionate and thus reasonable. *Odom*, 327 Mich App at 315.
>
> Because a sentence within the sentencing guidelines is presumed proportionate and therefore reasonable, this Court is required to review for reasonableness only sentences that depart from the recommended minimum sentencing range of the guidelines. *People v Anderson*, 322 Mich App 622, 636 n 34; 912 NW2d 607 (2018). Rather, under MCL 769.34(10) we must affirm sentences within the guidelines unless there was an error in the scoring of the guidelines or the trial court relied upon inaccurate information when sentencing the defendant, *Anderson*, 322 Mich App at 636, or absent a constitutional challenge. See *People v Posey*, 334 Mich App 338, 357; 964 NW2d 862 (2020).
>
> In this case, the trial court determined the applicable guidelines range for defendant's conviction of second-degree murder, considering defendant as a third-offense habitual offender, MCL 769.11, to be 315 months to 787 months. The trial court then sentenced defendant to 420 to 630 months for his conviction of second-degree murder. Defendant's minimum sentence was within the guidelines, and thus is presumed proportionate and therefore reasonable. Accordingly, we must affirm defendant's sentence. See MCL 769.34(10). [*People v Gonzalez*, unpublished per curiam opinion of the Court of Appeals, issued November 3, 2022 (Docket No. 358400), p 2 (footnote omitted).]

Thereafter, our Supreme Court issued its opinion in *People v Posey*, 512 Mich 317; 1 NW3d 101 (2023), in which a majority of the justices determined that a defendant could challenge a within-guidelines sentence as unreasonable on the basis that the sentence was disproportionate to the seriousness of the circumstances surrounding the offense and offender. *Id*. at 326, 352. Our Supreme Court then vacated in part this Court's previous opinion in this case to the extent that it was inconsistent with *Posey* and remanded "for reconsideration in light of *Posey*." *People v Gonzalez*, ___ Mich ___; 998 NW2d 682 (2024).

Under *Posey*, a challenge to a within-guidelines sentence is to be reviewed for reasonableness. *Posey*, 512 Mich at 326, 352. The reasonableness review requires a determination

whether the sentence is proportionate to the seriousness of the circumstances surrounding the offense and offender. *Id.* at 326, citing with approval the test set forth in *Steanhouse*, 500 Mich at 459-460 (When reviewing a sentence for reasonableness, the proper inquiry is "whether the trial court abused its discretion by violating the 'principle of proportionality' set forth in *People v Milbourn*, 435 Mich 630, 636; 461 NW2d 1 (1990), which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender.") "An appropriate sentence should give consideration to the reformation of the offender, the protection of society, the discipline of the offender, and the deterrence of others from committing the same offense." *People v Boykin*, 510 Mich 171, 183; 987 NW2d 58 (2022). There is a nonbinding presumption that a sentence within the guidelines is proportionate, and the defendant has the burden of proving that his or her within-guidelines sentence is disproportionate. *Posey*, 512 Mich at 359.

In this case, defendant contends on appeal that his sentence of 420 to 630 months for his second-degree murder conviction was unreasonable because the trial court did not consider his youth at the time he shot and killed Bullis. Defendant argues that *People v Wines*, 323 Mich App 343, 351; 916 NW2d 855 (2018), rev'd in part 506 Mich 954 (2020), compels trial courts to consider the factors of youth listed in *Miller v Alabama*, 567 US 460, 470-473; 132 S Ct 2455; 183 L Ed 2d 407 (2012), and *People v Snow*, 386 Mich 586, 592; 194 NW2d 314 (1972) when sentencing a defendant for first-degree murder who was a juvenile at the time of the crime, and that such consideration is warranted in this case. We decline to extend the authority urged by defendant to the facts of this case. Defendant was 22 years old at the time he shot the victims, and the legal authority he references indicates factors of youth applicable to minors. Moreover, the trial court in this case explicitly considered defendant's youth as it related to rehabilitation and deterrence when sentencing defendant. The trial court stated, in relevant part:

> Rehabilitation, [defendant] is a young enough man that I hope that he can turn his life around. . . . I'm hopeful that [defendant] will be able to accomplish a great deal even though he will be locked up in a place that none of us wants to be locked up in.

> \* \* \*

> Deterrence, again I would say that's a factor here. We are living in a community in which shootings are out of control, . . . . We deal with that by trying to get to the root cause which really has to do more with, you know, better programs for youth, trying to figure out ways to keep youth away from gangs, and away from violence and all that stuff.

> But the bottom line is we also need to send a message to our community that if you go and shoot people you will pay a very dear price and—hate to do that because in our community we're talking about a lot of 17, 18, 19-year-old kids that are making these decisions. They're not old enough to be making decisions to kill and shoot people but that's what's happening anyway. So, I think deterrence is a factor here.

> We need to send a message to our young people. There are better ways. We don't go around shooting people so that we can be celebrated by our friends or whatever the case may be. We have to stop this . . . in our community. And if you had my job, I see this every day. People who are being shot and often killed for no good reason. And this strikes me as one of those situations.

The trial court thus considered defendant's age when formulating the sentence. The trial court also discussed the sentencing considerations of punishment and the protection of society, emphasizing that defendant killed one person and severely injured another by shooting them, without apparent provocation, when he happened to encounter them in the community while they were engaged in ordinary activity. The trial court then imposed a minimum sentence in approximately the lower quarter of the guidelines range, evidently refraining from imposing a greater sentence in light of defendant's youth. The trial court accounted for the nature of the offense and the background of the offender when imposing defendant's sentence, and defendant failed to demonstrate that his sentence was unreasonable or disproportionate to either the offense or the offender.

Affirmed.

/s/ Michael F. Gadola
/s/ Christopher P. Yates

SHAPIRO, P.J., did not participate.